## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **ERIC DICKERSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 06-289 Erie** |
| | ) | **District Judge McLaughlin** |
| **SUPER. MARILYN BROOKS, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |


## O R D E R

On December 7, 2006, Plaintiff, a state prisoner appearing *pro se*, filed the instant civil rights action. This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On October 31, 2007, Magistrate Judge Baxter issued a Report and Recommendation in which she recommended the following:

> - that the motion to dismiss filed by Defendants Baker, Mowry and Telega [Document # 9] be granted based upon Plaintiff's failure to exhaust his administrative remedies.
>
> - that the motion to dismiss filed by the Commonwealth Defendants [Document # 32] be granted in part and denied in part. More specifically,
>
>> a) that the motion to dismiss be granted as to the dismissal of Defendant "Pennsylvania Department of Corrections SCI-Albion" based upon Eleventh Amendment immunity;
>>
>> b) that the motion to dismiss be granted as to the dismissal of Defendants Beard and Brooks; and
>>
>> c) that the motion to dismiss be denied as to Defendants Overton, Wilkes, and Youcklan.
>
> - that the motion to dismiss filed by Defendant Millcreek Hospital [Document # 43] be granted.

Document # 81.

Thereafter, Plaintiff filed Objections to the Report and Recommendation [Document # 85], as well as an "Affidavit of Exhaustion" [Document # 105]. Defendants Baker, Mowry and

Telega filed a Brief in Opposition to the Objections.  Document # 97.

In the Report and Recommendation, Magistrate Judge Baxter recommended, *inter alia*, that the motion to dismiss filed by Defendants Baker, Mowry and Telega be granted based upon Plaintiff's failure to exhaust in accordance with the requirements of the PLRA.[1]

_____The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

Administrative exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").  A plaintiff need not affirmatively plead exhaustion.  Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007).  Instead, it is the burden of a defendant asserting the defense to plead and prove it.  Id.

In his Objections to the Report and Recommendation, Plaintiff argues that he fully and finally exhausted his administrative remedies through all levels.  Document # 85, page 2; Document # 105.  It is the burden of Defendants to prove the failure to *properly* exhaust (Woodford v. Ngo, ___ U.S. ___, ___ 126 S.Ct. 2378, 2384-88 (June 22, 2006)) and at this point in the proceedings, in light of Plaintiff's representations to the contrary,  they have not done so.  This issue may be better resolved at the summary judgment stage after a period of discovery.  Accordingly, the motion to dismiss will be denied in this regard.

In the Brief in Opposition to the Objections filed by Baker, Mowry and Telega, Defendants also argue that the case should be dismissed against them because Plaintiff has failed to state a claim against them.  The motion to dismiss will be denied for the same reason that Magistrate Judge Baxter recommended the denial of the motion to dismiss filed by the

_____

[1] No other Defendants have raised the failure to exhaust as a basis for dismissal at this juncture.

Department of Corrections Defendants: Plaintiff has sufficiently alleged a delay in medical care in order to state a deliberate indifference claim under the Eighth Amendment.


AND NOW, this 8th  day of January, 2008;

Following a *de novo* review of the pleadings and record in this case,

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Baker, Mowry and Telega [Document # 9] be denied.

IT IS FURTHER ORDERED that Report and Recommendation by Magistrate Judge Baxter is adopted as the Opinion of this Court in all other respects: to wit, the motion to dismiss filed by the Commonwealth Defendants [Document # 32] is granted in part and denied in part. More specifically, a) the motion to dismiss be granted as to the dismissal of Defendant "Pennsylvania Department of Corrections SCI-Albion" based upon Eleventh Amendment immunity; b)  that the motion to dismiss be granted as to the dismissal of Defendants Beard and Brooks; and c) that the motion to dismiss be denied as to Defendants Overton, Wilkes, and Youcklan; and the motion to dismiss filed by Defendant Millcreek Hospital [Document # 43] be granted.  The Clerk of Courts is hereby directed to terminate "Pennsylvania Department of Corrections SCI-Albion," Beard, Brooks and Millcreek Hospital as Defendants in this matter.


S/ Sean J. McLaughlin
SEAN J. MCLAUGHLIN
United States District Judge